CARLOS RAMON FRANCESCHI y ANGEL MIGUEL FRANCESCHI, demandantes y recurridos, *v.* MUNICIPIO DE JUANA DÍAZ y EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandados y recurrentes.

Número: R-63-63        Resuelto: 15 de mayo de 1963

*Rodolfo Cruz Contreras, Procurador General Interino,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de los recurrentes; *William Morales Torres,* abogado de los recurridos.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: En 25 de junio de 1962 el Tribunal Superior, Sala de Ponce, dictó sentencia declarando sin lugar la demanda en daños y perjuicios presentada por los recurridos Carlos Ramón y Angel Miguel Franceschi contra el Municipio de Juana Díaz, El Estado Libre Asociado de Puerto Rico y la Autoridad de Tierras. Copia de la notificación de la sentencia se archivó en autos el día 26 siguiente. Siete días después, los demandantes, invocando expresamente las disposiciones de la Regla 47 de las de Procedimiento Civil de 1958, solicitaron la reconsideración de la sentencia mencionada apoyándose en la opinión dictada por este Tribunal en *Morales Muñoz* v. *Castro,* 85 D.P.R. 288 (1962). No fue hasta que habían transcurrido 9 días de la presentación de esta moción—en 12 de julio—que el juez sentenciador la señaló para vista. Este señalamiento— originalmente para el 20 de julio—fue transferido para

agosto 3, en cuya fecha el tribunal a quo dictó en corte abierta una resolución dejando sin efecto la sentencia, y señalando una nueva vista para recibir prueba en cuanto a un hecho específico. Finalmente, en 11 de febrero de 1963, dictó una nueva sentencia declarando con lugar la demanda en cuanto al Estado Libre únicamente, condenándole a satisfacer la suma total de $2,600.

Expedimos auto de revisión a solicitud del Estado Libre. Sostiene la parte recurrente que el tribunal recurrido carecía de jurisdicción y autoridad en ley para reconsiderar en 3 de agosto de 1962 la sentencia dictada el día 25 de junio por cuanto ya ésta se había convertido en firme. Le asiste la razón. Conforme a la Regla 47 citada, una vez presentada una moción de reconsideración de sentencia, el tribunal puede optar *dentro de 5 días de su presentación* por uno de dos cursos de acción: o la rechaza de plano o señala una vista para oir a las partes. Ahora bien, si dejare de tomar alguna acción dentro del indicado término de 5 días, "*se entenderá que ha sido rechazada de plano.*" Las consecuencias de la actuación del tribunal en relación con el término para solicitar la revisión de la sentencia son distintas, pues en caso de que la rechace de plano, se considerará que dicho término nunca fue interrumpido; si señalare vista para oir a las partes, el plazo empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución del tribunal disponiendo definitivamente de la moción.

En el presente caso, aun cuando el tribunal señaló vista para oir a las partes, su actuación tuvo lugar después del término de 5 días que para ello le concede la Regla 47, cuando ya por expresa disposición estatutaria se entendía que la moción había sido rechazada de plano. Bajo tales circunstancias la parte promovente no podía confiar en el señalamiento hecho y si deseaba revisar la sentencia estaba obligada a presentar el recurso correspondiente ante este Tribunal dentro del término de 30 días que no había sido interrumpido.

En su escrito de oposición la parte recurrida caracteriza su moción de 3 de julio como una presentada al amparo de la Regla 49.2 para que se deje sin efecto la sentencia. Según apuntamos anteriormente en la moción se hace referencia expresa a la Regla 47. Pero aun examinándola detenidamente en la forma más favorable a la parte promovente nunca podríamos convenir que las alegaciones expuestas son susceptibles de considerarse que son suficientes para una solicitud de relevo de sentencia bajo cualquiera de los seis incisos que contiene la Regla 49.2.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Ponce, en 11 de febrero de 1963.*