EL MUNDO, INC., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE HUMACAO, HON. LUIS PEREYÓ, JUEZ, demandado.

*Número:* C-65-16      *Resuelto:* 29 de octubre de 1965

*Rivera Zayas, Rivera Cestero & Rúa,* abogados del peticionario; *Faustino R. Aponte* y *Arturo Aponte Parés,* abogados del opositor Rafael Isern.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En una acción de daños y perjuicios incoada ante la Sala de Humacao del Tribunal Superior se dictó en 18 de noviembre de 1964 la siguiente.

### "SENTENCIA

Rafael Isern radicó una demanda sobre Daños y Perjuicios contra El Mundo Inc., Jesús López y Agustín Vázquez por hechos ocurridos el día 15 de mayo de 1961, como a las seis de la mañana, cuando el demandante Rafael Isern se presentó al establecimiento de Jesús López para comprar el periódico 'El Mundo'. En dicho momento el codemandado Agustín Vázquez trataba de soltar unos alambres que amarraban los periódicos, habiendo saltado un alambre el cual alcanzó al demandante en el ojo derecho con motivo de lo cual estuvo enfermo tres meses.

Con motivo de la demanda y de las alegaciones establecidas, el codemandado El Mundo Inc. ha radicado una moción sobre Sentencia Sumaria y ha acompañado un contrato suscrito el día 16 agosto de 1957 por el codemandado Jesús López. De dicho contrato el codemandado Jesús López no aparece como agente o empleado del codemandado El Mundo Inc., y sí aparece como contratista independiente.

Después de examinar detenidamente el contrato de compraventa, el Tribunal entiende que el codemandado Jesús López no es un empleado del codemandado El Mundo Inc. y sí un contratista independiente, no estando obligado por dicho contrato a que se incluya como codemandado en esta acción.

Se declara con lugar la moción sobre Sentencia Sumaria y se dicta sentencia declarando que no existe una controversia genuina entre el demandante Rafael Isern y el codemandado El Mundo Inc. para ser dilucidada por el Tribunal en un juicio plenario.

Humacao, Puerto Rico, a 18 de noviembre de 1964.

Regístrese y notifíquese."

Se archivó en autos copia de la notificación de esa sentencia en 23 del mismo mes de noviembre.

En 8 de diciembre de 1964 el demandante solicitó la reconsideración de dicha sentencia. Nueve días después, o sea el 17 de diciembre del mismo año, el Tribunal de instancia dictó una orden señalando la vista de la moción sobre reconsideración de sentencia para el 8 de enero de 1965.

El 18 de diciembre de 1964 la codemandada El Mundo, Inc., radicó una oposición a la reconsideración, en la que discutía los méritos de la sentencia.

En 7 de enero de 1965 El Mundo, Inc., radicó otra moción titulada "Moción para que se deje sin efecto señalamiento de Moción de Reconsideración denegada y para que se declare sin jurisdicción el Tribunal". Alegó en lo pertinente, lo siguiente:

"   .   .   .   .

3.—El 7 de diciembre de 1964, la parte demandante radicó una Moción de Reconsideración, la cual fue rechazada de plano por este Hon. Tribunal en virtud de lo dispuesto por la Regla 47 de las Reglas de Procedimiento Civil de Puerto Rico, que dispone un término fatal de cinco (5) días a partir de la fecha de presentación de una Moción de Reconsideración, y dispone que si el Tribunal dejare de tomar alguna acción con relación a la Moción de Reconsideración dentro de los cinco días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.

4.—A partir del 7 de diciembre de 1964, fecha de presentación de la Moción de Reconsideración, fecha que se alega fue la fecha de presentación al Tribunal por ser la fecha en que la misma fue notificada a la parte compareciente, transcurrió con exceso el período de cinco días fijado por la Regla 47, y no fue hasta el 17 de diciembre de 1964 que este Hon. Tribunal dictó una orden señalando la vista de la Moción de Reconsideración radicada por la parte demandada el 7 de diciembre de 1964, para el 8 de enero de 1965, a las nueve de la mañana, no pudiendo entenderse o considerarse o señalarse para vista la Moción de Reconsideración de la parte demandante, por el fundamento de que por operación de ley y según lo dispuesto en la Regla 47, dicha Moción quedó rechazada de plano al dejar el Tribunal de tomar alguna acción con relación a dicha Moción de Reconsideración dentro de los cinco días de haber sido presentada.

5.—De acuerdo con lo resuelto en el caso de *Ana María López Rivera, et al.* vs. *Autoridad de las Fuentes Fluviales de P.R.*, R-63-56, Opinión de 14 de noviembre de 1963, referencia del Colegio de Abogados 1963-195, los términos prescritos por estas Reglas en materia de reconsideración son fatales e improrrogables y al igual que es fatal e improrrogable el término de quince días para radicar una Moción de Reconsideración, sostiene El Mundo, Inc., muy respetuosamente, que también es fatal e improrrogable el término de cinco (5) días dispuesto por la última oración de la Regla 47, y habiendo sido, por virtud de dicha Regla, rechazada de plano la Moción de Reconsideración, carece este Hon. Tribunal de jurisdicción para cualquier otro procedimiento ulterior, incluyendo la consideración o discusión de la Moción de Reconsideración."

En 22 de enero de 1965 el Tribunal de instancia dictó dos resoluciones. Por la primera, decidió que tenía jurisdicción para resolver la Moción de Reconsideración. A continuación se transcribe dicha resolución:

"  .   .   .   .

El día 23 de noviembre de 1964 se archivó en los autos del caso copia de la notificación de dicha sentencia.

El 7 de diciembre de 1964 la parte demandante radicó una moción de reconsideración y con fecha 17 de diciembre de 1964 fue señalada dicha moción de reconsideración para ser vista el día 8 de enero de 1965.

La Regla 47 de las de Procedimiento Civil dice como sigue:

'La parte agraviada por la sentencia o por una resolución podrá, dentro del término de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, o dentro del término de 5 días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, presentar una moción de reconsideración de la sentencia o resolución. El Tribunal, dentro de los 5 días de haberse presentado dicha moción, deberá rechazarla de plano o señalar vista para oir a las partes. Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. Si señalare vista para oir a las partes, el término para apelar empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución del Tribunal resol-

viendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.'

Toda vez que de acuerdo con la sentencia se declaraba que no existe una controversia genuina entre el demandante Rafael Isern y El Mundo Inc. para ser dilucidada en un juicio plenario, el término para presentar la moción de reconsideración es de 15 días y no de 5 días como alega la parte demandada en su alegato.

El Tribunal entiende que en ningún momento, después de radicada la moción de reconsideración, el Tribunal denegó dicha moción ya que había señalado la vista de la misma para el día 8 de enero de 1965 y la fecha de señalamiento no exige un término fijo improrrogable. El término fijo improrrogable, a los efectos de esta moción de reconsideración es de 15 días y dicha moción de reconsideración fue radicada dentro del término de 14 días teniendo desde luego el Tribunal que señalar la misma y la señaló dentro de un término razonable en cuyo día tuvo lugar la vista de dicha moción.

El Tribunal entiende que la moción de reconsideración fue presentada dentro del término legal y se deniega la solicitud para que éste se declare sin jurisdicción."

En su segunda resolución declaró con lugar la Moción de Reconsideración de Sentencia y dejó sin efecto la que había dictado sumariamente a favor de El Mundo, Inc.

Expedimos un auto de *certiorari* para revisar la cuestión jurisdiccional planteada por El Mundo, Inc.

Dicha peticionaria sostiene:

"1.—El Tribunal Superior de Puerto Rico, Sala de Humacao, carecía de jurisdicción para señalar para vista, reconsiderar y dejar sin efecto su sentencia original, después de haber transcurrido más de cinco días desde la fecha de radicación de la Moción de Reconsideración.

2.—La sentencia dictada en este caso es final y firme y el Tribunal no tiene jurisdicción para dejarla sin efecto, después de transcurridos treinta días desde la fecha de su notificación, cuando dicho término, como en el presente caso, no ha sido interrumpido conforme a derecho."

Está en discusión la interpretación de la Regla 47 de las de Procedimiento Civil, especialmente su última oración que dispone: "Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."

En el presente caso el Tribunal Superior no tomó acción alguna con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada. La cuestión a resolver, es si a todos los fines la moción de reconsideración debe considerarse denegada de plano, y en su consecuencia considerarse como firme la sentencia sumaria.

El Código de Enjuiciamiento Civil de 1904 nada disponía sobre mociones de reconsideración de sentencias dictadas por los tribunales de primera instancia. Como bien se señala en *Dávila* v. *Collazo*, 50 D.P.R. 495 (1936), las mociones de reconsideración iban dirigidas a la discreción de la corte sentenciadora. Una moción de reconsideración de una sentencia radicada a tiempo interrumpía el término para apelar y se empezaba a contar desde que se denegaba la reconsideración, o sea, era automáticamente considerada.

Consecuencia directa de la opinión emitida en el caso *Dávila* v. *Collazo*, supra, fue la Ley Núm. 67 de 8 de mayo de 1937, la cual reglamentó ampliamente las mociones de reconsideración. Dicha ley enmendó el Art. 292 del Código de Enjuiciamiento Civil, para que leyese como sigue:

"Cualquier parte agraviada por una sentencia o resolución podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia o dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, radicar en la corte que hubiere dictado la sentencia o resolución una petición ex parte para la revisión o reconsideración de su sentencia o resolución haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud. *La corte deberá resolver la*

*moción de reconsideración dentro de los cinco (5) días después de haberse radicado, y si la corte rechazare de plano la petición, el término para apelar de la sentencia o resolución de cuya revisión se trate se computará en la forma prevista por este Código, como si no se hubiese presentado petición alguna de revisión o reconsideración.* Si la corte resolviere reconsiderar su sentencia o resolución u oir a las partes sobre la moción de reconsideración el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal."

En el caso *Marcano* v. *Marcano*, 60 D.P.R. 351 (1942), se sostuvo que el término de 5 días establecido por el Art. 292 del Código de Enjuiciamiento Civil, según enmendado, dentro del cual la corte "deberá resolver" la moción de reconsideración, no es un término fatal de carácter jurisdiccional y sí puramente directivo. Dijo el Tribunal: *"Lo que en realidad se exige de la corte* no es que dicte una resolución sobre los méritos de la moción, dentro de dicho término, y sí que *tome alguna acción con respecto a la moción*, rechazándola de plano si a su juicio careciere de méritos o señalándola para oir a las partes si la juzgase meritoria."

Posteriormente en el caso de *Guilhon & Barthelemy* v. *Corte*, 64 D.P.R. 303 (1944); se indica por este Tribunal, a la pág. 309, que:

"Si las cortes de distrito siguieren fielmente la sugestión arriba indicada de darle preferencia a tales mociones, y dentro *de los cinco días las rechazaran de plano o las señalaran para vista de levantar las mismas* una cuestión sustancial, la parte promovente no se confrontaría con el dilema bien de abandonar su moción de reconsideración o correr el riesgo de que expire el término para apelar mientras la corte de distrito tenga pendiente la moción de reconsideración y luego la declare sin lugar sin nueva vista. *La Legislatura o este Tribunal por Reglamento quizás deberían disponer que si no se actúa en la moción dentro de los cinco días esto significa que se declara sin lugar automáticamente.* Esto quizás instaría a las cortes de distrito a actuar. De cualquier manera, eliminaría el actual problema que tienen las

partes promoventes que no pueden obtener decisiones sobre sus mociones de reconsideración pendientes mientras está corriendo el término para apelar.

·    ·    ·    ·    ·    ·

Es evidente que la Ley núm. 67—que por vez primera dio reconocimiento estatutario a la práctica de radicar mociones de reconsideración en las cortes de distrito—no ha cumplido su objetivo a cabalidad."

Las Reglas de Enjuiciamiento Civil de 1943 nada dispusieron sobre la reconsideración de una sentencia, por lo que la Ley Núm. 67 de 1937 enmendatoria del Art. 292 quedó en vigor hasta la vigencia de la Regla 47 de las de Procedimiento Civil de 1958. (*Gual* v. *Tribunal de Distrito*, 71 D.P.R. 305 (1950)). Esta dispone así:

"Regla 47. De la Reconsideración

La parte agraviada por la sentencia o por una resolución podrá, dentro del término de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, o dentro del término de 5 días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, presentar una moción de reconsideración de la sentencia o de la resolución. El tribunal, dentro de los 5 días de haberse presentado dicha moción, deberá rechazarla de plano o señalar vista para oir a las partes. Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. Si señalare vista para oir a las partes, el término para apelar empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."

El Comité Consultivo sobre las Reglas de Procedimiento Civil indicó en sus comentarios a la Regla 47 que el texto de la misma no correspondía con regla alguna vigente o federal aunque sí cubría lo dispuesto en el Art. 292 del Código de Enjuiciamiento Civil. Aquella disposición de la

Regla que lee así: *"Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano"* es completamente nueva ya que la misma no figuraba en el Art. 292 del Código de Enjuiciamiento Civil. Fue precisamente a fin de hacer efectivo el lenguaje de esta disposición que el Comité Consultivo recomendó la adopción de una regla de administración mediante la cual una vez presentada moción de reconsideración, el secretario deberá someterla al juez para su consideración dentro de las 24 horas después de su presentación.

El 12 de diciembre de 1960 el Tribunal Supremo de Puerto Rico adoptó de conformidad con la autorización conferídale por la Sec. 7 del Art. V de la Constitución del Estado Libre Asociado de Puerto Rico y la Ley de la Judicatura, las "Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico".

En virtud de la Regla 12.1 se adoptó la sugerencia del Comité Consultivo sobre las Reglas de Enjuiciamiento Civil. Dispone dicha regla como sigue:

"Regla 12.1  Sumisión de mociones de Reconsideración al Juez.

"Cuando se radicare una moción solicitando la reconsideración de una sentencia, orden o resolución, *el secretario deberá dar cuenta de la misma al juez que la hubiere dictado, al juez que le sustituyere o al juez administrador, a más tardar dentro de las 24 horas de su presentación.*" (Subrayado nuestro.)

Todo parece indicar que al proponerse por el Comité Consultivo Sobre las Reglas de Enjuiciamiento Civil la Regla 47, éste tomó en consideración la decisión emitida en el caso de *Guilhon & Barthelemy* v. *Corte*, supra, y decidió seguir la sugerencia de que si no se actúa en la moción dentro de los cinco días esto significa que se declara sin lugar automáticamente. Más aun, fue más específico dicho comité y sugirió a su vez la adopción de la regla administrativa antes mencionada de manera que al notificarse al juez dentro de las

24 horas de la radicación de una moción de reconsideración éste pudiese actuar sobre la misma dentro de los próximos 5 días impidiéndose así que dicha moción fuese rechazada de plano por mor del transcurso de los cinco días sin que la parte perdidosa quedara en la incertidumbre de cuál sería la suerte que correría su moción.

Este Tribunal adoptó la Regla 47 tal como fue recomendada por el Comité Consultivo sobre las Reglas de Procedimiento Civil y además aprobó, según se ha dicho ya, la Regla 12.1 para hacer viable la disposición que impone al Juez la obligación de rechazar de plano o señalar para vista la moción de reconsideración dentro de los 5 días de su radicación. Si el Juez no actúa dentro de dicho término, dispone la Regla 47 que se entenderá que la moción de reconsideración ha sido rechazada, o siguiendo el lenguaje usado en el caso de *Guilhon & Barthelemy*, supra, ello significa que la moción se declara sin lugar automáticamente. En efecto, a partir de los 5 días de presentada la moción de reconsideración, sin que el juez haya actuado sobre la misma, la parte perdidosa queda advertida de que el término para apelar o para solicitar la revisión de la sentencia no ha sido interrumpido y puede interponer el recurso que proceda contra la sentencia, sin estar sujeta a la incertidumbre de si la moción de reconsideración habrá de ser señalada para vista, mientras corre el tiempo para apelar o recurrir de la sentencia. Este es el propósito que persigue la Regla 47.

Ahora bien ¿significa esto que si el juez no actúa dentro de los 5 días y por tanto se entiende que la moción de reconsideración ha sido rechazada de plano, carece el Tribunal de facultad para señalarla posteriormente para vista? Creemos que no.

En virtud de la Regla 47 una moción de reconsideración presentada en tiempo puede ser denegada sumariamente por el Juez en dos formas, a saber (1) dictando una resolución dentro de los cinco días de su presentación declarándola sin

lugar de plano, o (2) no tomando acción alguna dentro de los indicados cinco días, en cuyo caso se entiende rechazada de plano. En uno y otro caso el Tribunal tiene facultad para reconsiderar su resolución, dejarla sin efecto y señalar la reconsideración para vista. En virtud de lo dispuesto en el inciso 8 del vigente Art. 7 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 44), los tribunales tienen poder para "inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia". Véase *Domínguez* v. *Fabián*, 35 D.P.R. 314 (1926); *Rodríguez* v. *Sánchez*, 48 D.P.R. 236 (1935); *Capó* v. *Fernández*, 16 D.P.R. 350 (1910).

Ya hemos resuelto que el término de 15 días para presentar una moción de reconsideración de sentencia es fatal y que por ser de carácter jurisdiccional el Tribunal no puede actuar sobre dicha moción cuando se presenta fuera de término. *López Rivera* v. *Autoridad Fuentes Fluviales*, 89 D.P.R. 414 (1963) y casos allí citados. Anteriormente habíamos resuelto en el caso de *Franceschi* v. *Municipio de Juana Díaz*, 88 D.P.R. 389 (1963), que el Tribunal carecía de facultad para señalar la moción de reconsideración después de transcurridos 5 días desde la fecha de su presentación. Sin embargo, opinamos ahora que una vez presentada en tiempo la moción de reconsideración, y resuelta por el Tribunal declarándola sin lugar de plano, bien por acción afirmativa o bien por inacción dentro de los 5 días de su presentación, el Tribunal no queda privado de su facultad para reconsiderar esa actuación suya si considera que en realidad la moción de reconsideración plantea una cuestión sustancial y meritoria y que en bien de la justicia debe señalar una vista para oir a las partes, siempre que ya no se le haya privado de jurisdicción por razón de haberse interpuesto contra la sentencia un recurso de apelación o de revisión o no haya expirado el término para interponer dichos recursos. No puede cuestionarse seriamente que cuando el Tribunal dicta una resolución rechazando de plano una moción de reconsidera-

ción, tenga facultad, si se ha equivocado, para reconsiderar su resolución ya a solicitud de parte o *sua sponte.* No hay razón legal alguna para aplicar una doctrina distinta, cuando por virtud de la Regla 47, la moción de reconsideración se entiende rechazada de plano si el Tribunal no ha actuado sobre la misma dentro del susodicho término de 5 días. No entendemos la Regla 47 como indicativa de que una vez rechazada de plano la reconsideración, prive al Tribunal de jurisdicción para dejar sin efecto tal resolución y señalar la moción para vista siempre que lo haga en tiempo. Por lo expuesto se revoca el caso de *Franceschi* v. *Municipio de Juana Díaz,* supra.

*Se anulará el auto expedido y se devolverá el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández no intervino. Los Jueces Asociados Señores Blanco Lugo, Rigau, Dávila y Ramírez Bages concurren en votos separados.

—O—

Voto concurrente del Juez Asociado Señor Blanco Lugo en el cual concurren los Jueces Asociados Señores Rigau, Dávila y Ramírez Bages

San Juan, Puerto Rico, a 29 de octubre de 1965

Concurro con la solución propuesta en este caso a pesar de que la trayectoria legislativa de la moción de reconsideración en nuestro derecho procesal así como su interpretación jurisprudencial señalan decididamente hacia la posición que asumimos en *Franceschi* v. *Municipio de Juana Díaz,* 88 D.P.R. 389 (1963). Entiendo que en el estado actual de la administración de nuestros tribunales tal solución es más práctica y conduce a una mejor justicia, sin sacrificar demasiado el valor importante de una pronta adjudicación de los pleitos, que es lo que indudablemente persigue la disposición sobre el efecto de una desestimación de plano de la referida moción por inacción dentro de los cinco días.

Opinión concurrente del Juez Asociado Señor Rigau

San Juan, Puerto Rico, a 29 de octubre de 1965.

La Regla 47 de Procedimiento Civil dispone, en lo pertinente, que la parte agraviada por una resolución podrá dentro del término de cinco días (desde la fecha del archivo en autos) presentar una moción de reconsideración. Dicha Regla añade:

"El tribunal, dentro de los 5 días de haberse presentado dicha moción, deberá rechazarla de plano o señalar vista para oir a las partes. Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. Si señalare vista para oir a las partes, el término para apelar empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."

De manera que, como se expresa en la opinión del Tribunal, en virtud de la Regla 47 una moción de reconsideración puede ser denegada en dos formas, a saber: (1) mediante resolución expresa declarándola sin lugar dictada dentro de los 5 días de su presentación, o (2) no tomando acción alguna dentro de los indicados 5 días, en cuyo caso se entiende rechazada de plano.

El caso de autos nos presenta una situación o alternativa no prevista por la Regla 47. Esta es, si el juez no actúa dentro de los 5 días de presentada la moción de reconsideración (y por tanto se entiende que la misma fue rechazada de plano) ¿puede el tribunal señalarla posteriormente para vista?

En *Franceschi* v. *Municipio de Juana Díaz*, mediante opinión *per curiam* de 15 de mayo de 1963, este Tribunal contestó la anterior pregunta en forma negativa. En el caso de autos hemos vuelto a considerar el problema. La verdad es que no creo que haya nada en la jurisprudencia o en el historial legislativo de dicha Regla 47 que nos obligue in-

exorablemente a contestar la pregunta antes indicada en una forma o en otra. Si la Regla 47 hubiese previsto la situación, desde luego, no tendríamos el problema. Como las leyes y las reglas no pueden prever todas las situaciones, estamos en la situación clásica en que la jurisprudencia llena las lagunas del derecho positivo.

Me parece claro que la solución de *Franceschi* v. *Municipio de Juana Díaz*, supra, produce una mayor certeza y sencillez en el procedimiento. Sin embargo, dadas las circunstancias del gran volumen de trabajo del Tribunal de Primera Instancia, de sus facilidades y de su administración, creo que hay el riesgo de que si seguimos la regla de *Franceschi* v. *Municipio de Juana Díaz* estaríamos pagando un precio muy caro por esa certeza y esa sencillez, o sea, que estaríamos privando a los tribunales de una flexibilidad que, dadas las circunstancias antes apuntadas, parece ser por ahora necesaria como cuestión práctica y conducente a una mejor justicia.

Por estas consideraciones, concurro con la opinión del Tribunal y con el voto del Juez Asociado Señor Blanco Lugo. Sin embargo, creo que cuando sea factible conseguir la certeza en el procedimiento antes mencionado sin perjudicar la justicia, debemos regresar, ya sea jurisprudencialmente o mediante enmienda expresa a la Regla 47, a la norma contenida en *Franceschi* v. *Municipio de Juana Díaz*, supra.