# 95 DTA 77

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL IV**

JORGE PORTELA BEABRUTT
Demandante-Apelante

v.

CARMEN M. TABOA VEGA
Demandada-Apelada

Núm. KLAN-95-00302

San Juan, Puerto Rico, a 15 de mayo de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Previo a disponer del recurso ante nuestra consideración, debemos consignar que el mismo fue presentado como una apelación. No obstante por ser una revisión de una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, se acoge el mismo como un recurso de *certiorari* a virtud del Art. 4.002 de la Ley Núm. 1 de 28 de julio de 1994, conocida como Ley de la Judicatura de Puerto Rico y la Regla 18 del Reglamento del Tribunal de Circuito de Apelaciones. Se ordena a la Secretaria del Tribunal de Circuito de Apelaciones que previo el trámite ministerial realice las enmiendas correspondientes al expediente.

En el presente caso el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una resolución el día 20 de diciembre de 1994, notificada el 4 de enero de 1995, sobre aumento de pensión alimenticia y orden de retención del sueldo para el pago de pensión alimenticia. El día 17 de enero de 1995 el aquí peticionario Jorge Portela Beabrutt, presentó en el tribunal de instancia una moción de reconsideración y una moción en oposición a la retención. El tribunal de instancia el día 8 de febrero de 1995 emitió resolución luego de haber transcurrido veintidos (22) días de haberse presentado las mociones; declaró, no ha lugar la moción de reconsideración y declaró, ha lugar la moción en oposición a la orden de retención, la cual fue notificada el 18 de marzo de 1995. Ese mismo día el tribunal de instancia emitió otra resolución declarando, no ha lugar ambas mociones, la cual fue notificada el 17 de marzo de 1995.

La parte peticionaria inconforme con la resolución del tribunal de instancia el día 4 de abril de 1995 acude ante nuestra consideración con un recurso titulado de apelación el cual acogimos como *certiorari*.

Evaluado los documentos presentados por la parte peticionaria desestimamos el recurso presentado por falta de jurisdicción, bajo los siguientes fundamentos.

La Regla 47 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que una parte adversamente afectada por una resolución podrá presentar dentro del término de quince

(15) días desde la fecha de la notificación de la resolución una moción de reconsideración. El tribunal dentro del término de diez (10) días de haberse presentado la moción deberá considerarla. Si la rechaza de plano el término para presentar la revisión no se interrumpe. Si el tribunal del plazo de diez (10) de haberse presentado, no toma acción alguna, se entenderá que la moción de reconsideración fue rechazada de plano y el término para presentar la revisión no se dará por interrumpido.

Se ha resuelto por el Tribunal Supremo, que vencido el término de diez (10) días para disponer la moción de reconsideración sin que el tribunal de instancia haya actuado sobre la misma, el término para solicitar la revisión de la resolución no queda interrumpido conforme lo establece la Regla 47, *supra. El Mundo Inc. v. Tribunal Supremo,* 92 D.P.R. 791, 800 (1965). *Rodríguez Rivera v. Autoridad de Carreteras,* 110 D.P.R. 184, 187 (1980).

La única excepción que ha reconocido el Tribunal Supremo a esta norma ocurre, si el que presenta la moción de reconsideración puede probar que el juez no tuvo ante su consideración la misma, dentro del término de diez (10) días por error o negligencia de los funcionarios del tribunal de instancia, por lo cual conserva la jurisdicción. *Villanueva v. Hernández Class,* 25 de junio de 1991, **91 J.T.S. 58,** pág. 8690.

En el presente caso no se dan estas circunstancias. Los hechos presentados por el peticionario establecen, que fue notificado de la resolución el 4 de enero de 1994. El día 17 de enero de 1995 presentó la moción de reconsideración, dentro del término de quince (15) días a partir de la notificación de la resolución. El tribunal de instancia el día 8 de febrero de 199S, a veintidós (22) días de haberse presentado la moción de reconsideración la declaró no ha lugar. Es decir, que no tomó acción alguna dentro del término de diez (10) días de haberse presentado, por lo cual se entendía como rechazada de plano.

El Art. 4.002(C) de la Ley de la Judicatura de Puerto Rico, dispone que "[e]l recurso de certiorari, se formalizará presentando una solicitud en la secretaría de la sede del tribunal revisado dentro de los treinta (30) días siguientes a la fecha de la notificación de la resolución u orden." (Énfasis suplido.)

Concluimos que el término para acudir en revisión de la resolución no quedó interrumpido y vencía el mismo, el día 3 de febrero de 1995. La presentación del presente recurso de certiorari el día 4 de abril de 1995, a noventa (90) días plazo a partir de la notificación de la resolución, está fuera del término jurisdiccional que establece la Ley.

Los tribunales de justicia no tienen discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación,* 109 D.P.R. 839, 840 (1980). Le corresponde a los tribunales el ser *"[g]uardianes de su propia jurisdicción." Gobernador de Puerto Rico v. Alcalde de Juncos,* 121 D.P.R. 522, 530 (1988).

Por las consideraciones antes expuestas, se desestima el recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General