OPINION CONCURRENTE DEL JUEZ DE APELACIONES SR. AMADEO MURGA A LA CUAL SE UNE EL JUEZ DE APELACIONES SR. RIVERA PEREZ — 95 DTA 310
San Juan, Puerto Rico, a 25 de octubre de 1995
Concurrimos con la opinión de la Hon. Carmen Ana Pesante Martínez de que el presente recurso fue presentado vencido el término jurisdiccional para ello. Empero, no estamos de acuerdo con los fundamentos expresados en la opinión a los efectos de que el Tribunal de Instancia puede reconsiderar una sentencia, sua sponte, en cualquier momento desde su dictado hasta que se presente contra ella un recurso apelativo. Opinamos que, si lo pudiese hacer, entonces el presente recurso hubiese estado presentado dentro del término jurisdiccional dispuesto por ley. A los fines de mayor claridad destacamos los hechos procesales pertinentes.
La copia de la notificación de la sentencia fue archivada en autos el 29 de diciembre de 1994. Se presentó oportunamente una solicitud de determinaciones adicionales de hechos, por lo que el término de 30 días para acudir en alzada quedó interrumpido hasta el 15 de febrero de 1995, fecha en que se notificó la denegación de la referida moción.
El apelante presentó moción de reconsideración el 21 de febrero, dentro del término dispuesto por ley. La misma fue acogida 3 días más tarde, cuando el tribunal ordenó a la otra parte replicar a la *1214 misma. Luego de que el 9 de marzo ésta presentara su oposición, el tribunal denegó la moción de reconsideración el 14 de marzo. El 20 de marzo, antes de ser notificada de la denegación, el apelante presentó un escrito titulado "dúplica" en el cual contestaba la oposición del 9 de marzo y aducía razones adicionales a su moción de reconsideración. No obstante haber denegado la moción de reconsideración el día 14, el Tribunal acogió este escrito y el día 27 de marzo ordenó a la apelada que expusiera su posición en 10 días. Esta así lo hizo. Finalmente el tribunal, mediante resolución fundamentada emitida el 9 de abril y notificada el 27 del mismo mes, declaró sin lugar "lo solicitado por el demandante". El demandante entonces presentó ante nosotros el recurso de epígrafe.
Ante esos hechos caben dos interpretaciones de la Regla 47 de Procedimiento Civil. La primera es que si el Tribunal decidió la moción de reconsideración el día 14 de marzo, la llamada "dúplica" del demandante presentada el día 20 constituía una segunda moción de reconsideración presentada luego de los 15 días desde la fecha en que comenzó a decursar el término para apelar, por lo que resultaba tardía. Las decisiones de nuestro Tribunal Supremo establecen que, aunque una parte puede presentar varias mociones de reconsideración, todas tienen que ser presentadas dentro del término incial de 15 días del archivo en autos de la copia de la notificación de la sentencia. Barreto v. Sherris Caribbean, Inc. 92 D.P.R. 859, 864 (1965). Esto, claro está, de no haber quedado interrumpido el término por la presentación de una solicitud de determinaciones adicionales de hechos, pasado el término de 15 días el tribunal carece de jurisdicción para considerar una moción de reconsideración. López Rivera v. Autoridad Fuentes Fluviales, 89 D.P.R. 414, 417 (1963).
La segunda interpretación puede surgir de una lectura de la opinión del Tribunal Supremo de Puerto Rico en El Mundo v. Tribunal Superior, 92 D.P.R. 791 (1965). La misma consiste en que el tribunal tiene un poder inherente para reconsiderar su sentencia, en cualquier momento, antes de que la misma advenga firme o se presente recurso apelativo contra ella. Bajo esa interpretación, al dar curso o acoger la llamada dúplica de 20 de marzo, el Tribunal ejercitó su poder inherente e inició un proceso de nueva reconsideración de la sentencia, que culminó cuando finalmente sostuvo su criterio inicial de declararla sin lugar. Según esta segunda interpretación el recurso ante nos cumpliría con el término provisto por ley.
Entendemos la posición de la Hon. Carmen Ana Pesante Martínez en el sentido de que el juez podía volver a reconsiderar su sentencia durante 30 días a partir de 21 de marzo, pero que no podía hacerlo a instancia de parte (cosa que ocurrió en este caso) pues ello equivaldría a acoger una segunda moción de reconsideración. Opinamos respetuosamente que si podía reconsiderarla sua sponte a partir del 21 de marzo, lo podía hacer también a instancia de parte porque el hecho de que los planteamientos del promovente lo persuadieran a reconsiderar su posición no lo podía privar de su poder inherente. Repito que tal interpretación conllevaría la consecuencia de hacer que el recurso fuera presentado a tiempo.
Opino, que una vez un juez acoge o le da curso a una moción de reconsideración y procede a resolverla, está impedido, no solamente de acoger una segunda moción radicada fuera de los 15 días que establece la Regla 47, sino que tampoco puede sua sponte volver a reconsiderar la misma.
El sistema judicial tiene un interés en que, resuelto un pleito por sentencia, se de fin a la controversia a nivel de instancia de manera que, excepto por el derecho a recurrir al foro apelativo, quede resuelta e inalterada. Este interés está atemperado por la realidad de que en ocasiones la sentencia puede ser emitida erróneamente y que al llamar a tiempo la atención del tribunal de instancia ello ahorare recursos a las partes y evite en muchas ocasiones el trámite apelativo que recarga a ese foro, resulta costoso y demora la resolución del pleito.
Sin embargo, la puerta que abre reconsideración tiene que ser necesariamente limitada. De lo contrario el procedimiento de reconsideración podría tornarse largo y ocupar innecesariamente los limitados recursos del Tribunal de Primera Instancia. Es por eso que las Reglas de Procedimiento Civil y la jurisprudencia de nuestro Tribunal Supremo han puesto especial énfasis en el cumplimiento de los términos de la Regla 47. El término de 15 días provisto para solicitar reconsideración es jurisdiccional y, salvo que quede interrumpido por una solicitud de determinaciones adicionales de hechos, los días se cuentan desde el archivo en autos de la notificación de la sentencia. Dentro del limitado término de 10 días desde su presentación el juez puede acoger, no una, sino varias mociones *1215 de reconsideración que se hayan presentado dentro del período de 15 días y, a juicio nuestro, aun dentro del mismo período reconsiderar a iniciativa propia. Pero pasado el término de 15 días sin que se solicite reconsideración, el juez no puede acoger una moción de reconsideración presentada luego de expirado el término, no importa los méritos que ésta tenga. Luego de ese término está vedado, tanto a inciativa de parte, como sua sponte reconsiderar la sentencia. Los términos son jurisdiccionales tanto para el juez, como para las partes. Véase López Rivera v. Autoridad Fuentes Fluviales, supra, pág. 418, donde el Tribunal Supremo señaló que, de poder los jueces prorrogar el término de 15 días para solicitar la reconsideración quedarían destruidos los términos fatales jurisdiccionales de 30 días fijados por ley para pedir la revisión o radicar el escrito de apelación .
Ahora bien, ¿qué sucede cuando se ejercita a tiempo el derecho a solicitar la reconsideración? Nuestra Regla 47, según interpretada por nuestro Tribunal Supremo, provee tres formas de denegar una moción de reconsideración: (1) Un rechazo sumario de plano implícito al no tomar ninguna acción dentro de los 10 días de presentada, (2) Un rechazo sumario o de plan o explícito al declararla no ha lugar y ( 3 ) Una denegación luego de darle curso y considerar más a fondo los argumentóos presentados en la moción.
En Franceschi v. Municipio de Juana Díaz, el Tribunal Supremo aclaró que, una vez el juez de instancia ejercía cualquiera de las primeras dos opciones no podía volver a pasar juicio sobre la sentencia. De dicha opinión puede inferirse asimismo a fortiori, que si ejercía la tercera opción, tampoco podía volver a reconsiderar. En El Mundo v. Tribunal Superior, supra, nuestro Tribunal Supremo modificó el sistema de rechazo implícito por falta de acción en los días señalados por la regla para actuar sobre la moción. Fue movido a ello, con cierta renuencia de parte del Hon. Juez Asociado Señor Rigau, por el hecho de que el término podía resultar corto y pudieran ocurrir situaciones en que el juez, luego del término de 5 días (hoy 10), hubiera decidido acoger una moción que quizás no había llegado ante él dentro del término dispuesto. Atenuó así el efecto del rechazo implícito al permitir que a ese rechazo pudiera seguir una actuación del juez para reconsiderarlo y decidir considerar a fondo la moción. El Tribunal Supremo basó su conclusión en el texto del Artículo 7 del Código de Enjuiciamiento Civil que disponía que los tribunales tenían el poder para "inspeccionar y corregir sus providencias y órdenes con elfin de ajustarlas a la ley y a la justicia'".
Sin embargo, en El Mundo, supra, se trataba de una moción de reconsideración presentada en tiempo. Las disposiciones del anterior Artículo 7 del Código de Enjuiciamiento Civil, a los efectos antes citados, había que leerlas dentro del contexto de la Regla 47 que exigía que la moción fuese presentada en tiempo. Builders Ins. Co. v. Tribunal Superior, 100 D.P.R. 401, 404 (1972). Allí se dijo que, si bien los tribunales retienen la facultad para corregir sus providencias y órdenes con el fin de ajustarlas a la ley, es necesario que se sigan los canales procesales adecuados. Una segunda lectura de El Mundo v. Tribunal Superior, supra, nos indica que sus hechos están limitados a los casos en que, radicada a tiempo una moción de reconsideración que es rechazada de plano implícita o explícitamente, el tribunal puede reconsiderar su rechazo sumario y acogerla para una consideración a fondo. En El Mundo, supra, el Tribunal Supremo no tuvo ante sí una situación en la que la primera moción de reconsideración hubiese sido acogida y resuelta a fondo y luego el tribunal de instancia intentara volver a pasar juicio sobre los méritos de la misma. Nuestra lectura de El Mundo, supra, una vez se examinan los propósitos de la Regla 47, es a los efectos de que, una vez acogida una moción de reconsideración y resuelta a fondo de una manera u otra, el tribunal no puede volver a considerarla excepto si aún no ha expirado el término de 15 días que señala la Regla 47. En otras palabras, El Mundo, supra, permite a los tribunales de instancia cambiar el rechazo de plano, implícito o explícito, a una consideración a fondo de los méritos de la moción de reconsideración, pero ello no significa que se permita acoger una segunda moción de reconsideración. Tampoco quiere decir que el tribunal de instancia una vez resuelva la moción de reconsideración definitivamente luego de acogerla, pueda volver a acogerla a instancia de parte o motu proprio a base de sus poderes inherentes.
Cualquier duda relacionada con la existencia de tales poderes inherentes para continuar ejerciendo un poder de supervisión sobre la sentencia, mientras la misma no se convierta en firme, se disipa por la derogación del Artículo 7 del Código de Enjuiciamiento Civil de 1933, mediante la Ley Número 2 de 7 de marzo de 1983. Asimismo, del historial de la Regla 47 surge que según fue aprobada por el Tribunal Supremo, ésta disponía que luego del término de 10 días no se podía actuar sobre una moción de reconsideración "sin perjuicio de la facultad inherente del tribunal de corregir sus *1216 providencias conforme a derecho". Mas la legislatura eliminó tal frase sin expresar razones. Véase J. Cuevas Segarra, Práctica Procesal Puertorriqueña, Vol. II, Procedimiento Civil, Publicaciones J.T.S., pág 259.
En la actualidad el único poder que tienen los tribunales de instancia para modificar una sentencia sin sujeción a términos es el dispuesto en la Regla 49.1 que lo limita a los errores de forma. La limitación impuesta por este esquema procesal es sabia. Si bien el mismo permite que los rechazos implícitos o explícitos puedan reconsiderarse para convertirse en rechazos con consideración a fondo, no permite, que a un rechazo con deliberación pudiera añadirse una ulterior consideración del caso por el tribunal de instancia.
Al amparo del poder inherente que nosotros fallamos en descubrir, un juez de instancia podría, al día 29 de archivada en autos la sentencia, señalar una vista motu proprio para reconsiderar su decisión. Luego de celebrada la vista y declarada sin lugar la moción, comenzaría nuevamente a decursar el término de 30 días para apelar. Este, a su vez, podría volver a ser interrumpido si al transcurrir nuevamente 29 días el juez le asaltan nuevamente las dudas de su fallo y así, en teoría ad infinitum.
La certeza de la eventual firmeza de la sentencia, tan necesaria para que las partes y los abogados sepan a qué atenerse, se vería sometida a la incertidumbre de la mano espontánea del juez que, a manera de un "joker", podría introducir un elemento de sorpresa en el trámite post-sentencia del caso. Se prestaría a estar sujeto a presiones informales a los jueces para que sua sponte hicieran lo que a las ' partes o a sus abogados se les olvidó hacer. No es necesario que abundemos más.
Según opinamos y resolvemos, una vez el juez de instancia acogió la moción de reconsideración y la resolvió el 14 de marzo, la "dúplica" del 20 de marzo equivalía a una segunda moción de reconsideración que el juez no tenía facultad para considerar, ni a instancia del demandante apelante, ni de oficio. Su actuación de acogerla y declararla sin lugar posteriormente no interrumpió el término para apelar que comenzó a decursar el 14 de marzo.
En tales términos concurrimos con la decisión de confirmar la desestimación del recurso por falta de jurisdicción.
ANTONIO J. AMADEO MURGA Juez de Apelaciones
ESCOLIOS OPINION CONCURRENTE DEL JUEZ DE APELACIONES SR. AMADEO MURGA A LA CUAL SE UNE EL JUEZ DE APELACIONES SR. RIVERA PEREZ — 95 DTA 310
1. 32 L.P.R.A. Ap. IH.
2. Véase Regla 43.4 de Procedimiento Civil, supra.
3. La opinión de la Hon. Carmen Ana Pesante la comparten otros jueces de este Tribunal. En González v. Caribbean Restaurants, Inc., Núm. KLAN-95-00750, Sentencia del 9 de octubre de 1995, el Hon. Germán Brau Ramírez emitió un voto disidente a los efectos de que: "[E]l Tribunal de Primera Instancia emitió una resolución enmendando su sentencia en torno a varios extremos. Esta resolución fue emitida cuando aún no habían transcurrido treinta (30) días de haberse dictado la sentencia original. Tampoco se había presentado recurso alguno ante este Tribunal, por lo que, a nuestro juicio, el Tribunal de Primera Instancia tenía jurisdicción para modificar su sentencia. Véase El Mundo Inc. v. Tribunal Superior 92 D.P.R. 791, 801 (1965).

Reconocemos que la actuación del foro de Primera Instancia respondió a la referida moción de la parte apelante, la cual era inoficiosa. Ello, sin embargo, no privaba al Tribunal de su facultad de corregir su sentencia. Esta, según nuestra visión, es una facultad inherente del Tribunal de Primera Instancia que puede ser ejercitada hasta tanto dicho foro no pierda jurisdicción sobre la causa por haber advenido final y firme su sentencia o por haberse presentado un recurso de apelación".

*1217 4. 88 D.P.R. 389 (1963).
5. Un ejemplo extremo de la reconsideración del rechazo implícito lo constituye Villanueva v. Hernández Clas, 129 D.P.R._(1991) 91 J.T.S. 58 en el que se permitió al juez reconsiderar su .rechazo implícito, luego de 86 días del archivo en autos de la copia de la sentencia, debido a que la moción de reconsideración no fue traída ante la atención del juez sino hasta 85 días después de haberse presentado la moción de reconsideración.
6. 32 L. P.R.A. § 44.