*573 Opinión concurrente emitida por el
Juez Asociado Señor Rivera Pérez.
Concurro con la decisión de este Tribunal de revocar la resolución recurrida. No obstante, entendemos conveniente expresarnos sobre la aplicación del término de 15 días dispuesto por la Regla 47 de Procedimiento Civil a las resoluciones u órdenes interlocutorias.
HH
En este caso se recurrió ante el Tribunal de Apelaciones de una resolución interlocutoria emitida por el Tribunal de Primera Instancia. En conformidad con la Regla 53.1 de Procedimiento Civil,(1) el término de cumplimiento estricto para acudir de la referida determinación ante el foro intermedio apelativo es de 30 días, contados a partir de la fecha de la notificación de la resolución.
Existen mecanismos procesales cuya utilización tiene el efecto de interrumpir ese término. Entre ellos está el mecanismo procesal de la moción de reconsideración contemplado por la Regla 47 de Procedimiento Civil,(2) que al momento de los hechos disponía lo siguiente:
La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o, desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de certiorari se *574 considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de certiorari con término jurisdiccional ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Por otro lado, si se tomare alguna determinación en la consideración de una moción de reconsideración, el plazo para presentar un recurso de certiorari con término de cumplimiento estricto ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se notifica la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano. (Enfasis suplido.)
El referido mecanismo tiene como propósito principal brindar una oportunidad al Tribunal de Primera Instancia que dictó la sentencia o resolución interlocutoria cuya reconsideración se solicita, para que pueda enmendar o corregir los errores en que hubiese incurrido al emitirla.(3) Pretende, además, evitar que el mecanismo procesal de la solicitud de reconsideración se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial.(4)
Hemos expresado que si el foro primario no toma ninguna acción con respecto a una moción de reconsideración oportunamente presentada, dentro de 10 días de haber sido presentada, se considerará que el término para la revisión en alzada del dictamen judicial en cuestión no ha sido interrumpido por la referida moción.(5) Del mismo modo, hemos resuelto que, aunque hayan transcurrido los 10 días referidos sin que el foro de primera instancia haya tomado alguna acción con respecto a la moción de reconsi *575 deración, el término para la revisión en alzada sí queda interrumpido si el tribunal a quo decide acoger luego la moción de reconsideración antes de que haya expirado el término para interponer el recurso de apelación.(6) Una vez interrumpido el término para recurrir en alzada de una resolución u orden interlocutoria del Tribunal de Primera Instancia, por ese foro haber acogido una moción de reconsideración, el término para recurrir al Tribunal de Apelaciones comienza a transcurrir nuevamente en el momento en que se notifica la resolución del foro primario que resuelve definitivamente la referida moción. (7)
En Vega v. Alicea, 145 D.P.R. 236, 240-241 (1998), resolvimos que el término de 15 días que tienen las partes para presentar una moción de reconsideración en virtud de la Regla 47 de Procedimiento Civil, supra, aplica a sentencias, resoluciones y órdenes interlocutorias. Allí expresamos lo siguiente:
El término de la Regla 47, supra, es en una sentencia fatal. Sin embargo, se ha quedado en el tintero si igual solución rige en cuanto a las resoluciones y órdenes. Una teoría que ha sido acogida por el reputado Tribunal de Circuito de Apelaciones, presenta que el término es directivo, pues las órdenes y resoluciones interlocutorias carecen de finalidad y, por ende, contra ellas no transcurren términos jurisdiccionales. Según ésta, el tribunal conserva la facultad de corregirlas antes de que termine el pleito.(8)
La dificultad de este enfoque radica en que esos dictámenes —salvo una reconsideración oportuna o que en alzada se deje sin efecto— ponen fin a incidentes dentro del proceso litigioso escalonado. Negarle finalidad es simplemente poner en entredicho ante abogados y partes la certeza, seriedad y autoridad que debe caracterizar nuestro sistema procesal-adjudicativo en todas sus etapas críticas antes de que se dicte sentencia e, in *576 cluso, luego de ser dictada. (Énfasis en el original suprimido, énfasis suplido y escolio omitido.(9)
Advertimos que interpretarlo de otra forma afectaría, no sólo el mecanismo procesal contemplado en la referida Regla 47 de Procedimiento Civil, supra, sino el crucial término que transcurre simultáneamente con la reconsideración, el periodo para acudir mediante una petición de certiorari ante el foro intermedio apelativo.(10)
Por otro lado, la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, también regula la reconsideración de resoluciones interlocutorias. Específicamente dispone lo siguiente:
Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra terceros o figuren en él partes múltiples el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones o partes hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.
Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que ella respecta los términos dispuestos en las Reglas 47, 48 y 53.
En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa como se denomine, que adjudique menos del total de las reclamaciones o los derechos y obligaciones de menos del total de las partes, no terminará el pleito con respecto a ninguna de las reclamaciones o partes y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las, reclamaciones y los derechos y obligaciones de las partes. (Énfasis suplido.)
*577 Hemos expresado que las sentencias parciales no se convierten en finales sua sponte. Para ello, el juez debe concluir que no hay razón que justifique seguir el juicio sin dictar sentencia final en relación con una parte o reclamación y ordenar expresamente que se registre y archive en autos copia de la notificación de la sentencia.(11) De lo contrario, se tratará de una resolución interlocutoria que no termina el pleito, y estará sujeta a reconsideración por el tribunal en cualquier momento antes de dictarse la sentencia final que adjudique todas las reclamaciones.(12)
Finalmente, como principio de aplicación general, una parte no renuncia a plantear por apelación ante el Tribunal de Apelaciones un error cometido por el Tribunal de Primera Instancia en una resolución interlocutoria.(13) Ello puede hacerse cuando se dicta la sentencia final, si ésta le resulta adversa y aún estima importante revisar la determinación interlocutoria porque ésta afecta la decisión final del caso.(14)
M HH
En este caso el foro primario emitió una resolución interlocutoria, que tituló Sentencia Sumaria Parcial,(15) el 22 *578 de octubre de 2003. La referida resolución se notificó a las partes el 31 de octubre de 2003. Oportunamente, el 17 de noviembre de 2003, la aquí peticionaria SIMED, solicitó su reconsideración. Ese mismo día, es decir, el 17 de noviembre de 2003, el foro primario ordenó a las otras partes a exponer su posición respecto a la reconsideración solicitada en un término de 30 días. La referida orden fue notificada a las partes el 15 de diciembre de 2003. El 26 de febrero de 2004 el foro primario denegó la moción de reconsideración. La copia de su notificación a las partes fue archivada en autos el 2 de marzo de 2004.
Aún insatisfecha, SIMED acudió al foro intermedio apelativo mediante un recurso de certiorari. El referido foro denegó el recurso ante su consideración por entender que fue presentado fuera de término. Sostuvo que la presentación de la moción de reconsideración por SIMED ante el Tribunal de Primera Instancia no interrumpió el término para acudir en alzada. Concluyó que aunque el foro primario actuó dentro del término dispuesto para ello en la Regla 47 de Procedimiento Civil, supra, la notificación de la decisión fuera de ese plazo hizo que el término para recurrir no fuera interrumpido. Puntualizó, sin embargo, que el recurso estaría a tiempo si no fuera por la norma sentada en Caro v. Cardona, 158 D.P.R. 592 (2003).
No compartimos la idea de que como las resoluciones interlocutorias no constituyen sentencias finales y pueden ser revisadas por el tribunal en cualquier momento antes de que se resuelvan todas las controversias en el pleito, los términos provistos por la Regla 47 de Procedimiento Civil, supra, no aplican a las resoluciones interlocutorias. Tampoco compartimos la idea de que existe una “incompatibilidad” entre la Reglas 43.5 y 47 de Procedimiento Civil, supra.
Lo anterior tendría el efecto de revocar sub silentio la norma establecida por este Tribunal en Vega v. Alicea, supra. Allí rechazamos expresamente la teoría de que el *579 término dispuesto en la Regla 47 de Procedimiento Civil, supra, no aplicaba por tratarse de una resolución interlocutoria. Allí resolvimos expresamente que el término de 15 días dispuesto en la Regla 47 de Procedimiento Civil, supra, aplica a las mociones de reconsideración presentadas por una parte adversa sobre sentencias, resoluciones y órdenes.
Por ello, no encontramos incompatibilidad alguna entre ambas disposiciones reglamentarias. Por un lado, la Regla 47 de Procedimiento Civil, supra, regula el término que tienen las partes para solicitar al Tribunal de Primera Instancia que emitió la resolución, orden o sentencia en cuestión, que reconsidere su dictamen; es decir, solicitarle al foro primario que pueda enmendar o corregir los errores en que hubiese incurrido al emitir su pronunciamiento.
Por otra parte, la Regla 43.5 de Procedimiento Civil, supra, contempla la facultad del tribunal de reconsiderar motu proprio su dictamen en cualquier momento antes de dictarse la sentencia que adjudique todas las reclamaciones.(16) Es decir, reconoce la facultad del tribunal de descargar el poder inherente que se le reconoce en lo que atañe a su responsabilidad de conducir el trámite judicial. Pero tal facultad, conforme al lenguaje expreso de la regla antes citada, es del tribunal y no deja al arbitrio de las partes presentar una moción al amparo de la Regla 47 de Procedimiento Civil, supra, en el momento que lo prefieran.
Por ello, y en virtud del lenguaje expreso de la Regla 47 de Procedimiento Civil, supra, y lo resuelto por este Tribunal en Vega v. Alicea, supra, los términos contenidos en la referida disposición reglamentaria son de aplicación a sentencias, resoluciones y órdenes.
Otra interpretación desnaturalizaría el mecanismo procesal contemplado por la Regla 47 de Procedimiento Civil, *580 supra, y su efecto interruptor sobre el término dispuesto por ley para que la parte afectada pueda acudir mediante un recurso de certiorari al Tribunal de Apelaciones. Nos preguntamos ¿qué efecto interruptor tendría una moción de reconsideración presentada una vez transcurrido el término de 30 días para acudir al foro intermedio apelativo mediante un recurso de certiorari?; ¿para qué existe el referido término, que permite a las partes acudir ante el Tribunal de Apelaciones, si queda al entero arbitrio de las partes presentar una moción de reconsideración en el momento que lo prefieran? Concluir que el término de 15 días dispuesto por la Regla 47 de Procedimiento Civil, supra, no aplica a las resoluciones interlocutorias operaría en contra de la sana administración de la justicia.
Finalmente, conviene aclarar que lo resuelto por este Tribunal en Caro v. Cardona, supra, tampoco aplica a este caso. Nos explicamos.
En Caro v. Cardona, supra, se trataba de un recurso de apelación para recurrir de una sentencia final emitida por el Tribunal de Primera Instancia. En virtud de la Regla 53.1 de Procedimiento Civil, supra, el término jurisdiccional establecido por ley para recurrir de ese dictamen es de 30 días, contados a partir del archivo en autos de copia de la notificación de la sentencia. Id. Por tratarse de un término jurisdiccional, una vez transcurrido el referido término de 30 días, la sentencia se convierte en final, firme e inapelable, y el Tribunal de Primera Instancia pierde jurisdicción sobre el asunto. Ello por tratarse de un término fatal, improrrogable e insubsanable, como lo es un término jurisdiccional.(17) Era razonable discutir, en aquel momento, si el foro primario gozaba de jurisdicción para considerar la moción de reconsideración presentada por una de las partes. Era necesario evaluar si la consideración por *581 el Tribunal de Primera Instancia de la referida moción tuvo el efecto de interrumpir el término jurisdiccional dispuesto en dicho caso para recurrir en apelación de la sentencia en cuestión.(18) Sin embargo, la norma adoptada en Caro v. Cardona, supra, debe ser interpretada a la luz de sus hechos particulares.
Contrario a lo ocurrido en Caro v. Cardona, supra, en este caso se recurrió ante el Tribunal de Apelaciones de una resolución interlocutoria emitida por el Tribunal de Primera Instancia. Como antes señalamos, el término de cumplimiento estricto para acudir de la referida determinación ante el foro intermedio apelativo es de 30 días, contados a partir de la fecha de la notificación de la resolución.(19)
Existe una diferencia conceptual con efectos jurídicos distintos entre lo que es un requisito de cumplimiento estricto y un requisito jurisdiccional.(20) Contrario a un término de carácter jurisdiccional, cuando se trata de un término de cumplimiento estricto, el Tribunal de Primera Instancia no está atado al automatismo que conlleva el requisito jurisdiccional y puede proveer justicia según lo ameriten las circunstancias.(21)
Por tratarse el caso de autos de una resolución interlocutoria, a diferencia de una sentencia final donde el Tribunal de Primera Instancia pierde su jurisdicción al transcurrir el término jurisdiccional para recurrir en alzada, el foro primario tenía jurisdicción para reconsiderar su dictamen. Esto es, el 15 de diciembre de 2003 el foro pri *582 mario gozaba de plena facultad para reconsiderar su dicta-men anterior, y así lo hizo. Como resultado de ello, dicho foro emitió un nuevo dictamen sobre el asunto, que fue notificado a las partes el 2 de marzo de 2004. Por lo tanto, no vemos por qué debemos concluir que el recurso de certiorari de SIMED, presentado en el Tribunal de Apelaciones el 1 de abril de 2004, resulta tardío.
Por los fundamentos expuestos, revocaríamos la resolución recurrida emitida por el Tribunal de Apelaciones y devolveríamos el caso a dicho foro para que continúe con los procedimientos.

 32 L.P.R.A. Ap. III.

 íd.

 Lagares v. E.L.A., 144 D.P.R. 601 (1997).

 íd.

 íd.; Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. 314 (1997); Villanueva v. Hernández Class, 128 D.P.R. 618 (1991); El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791 (1965).

 íd.

 Véase Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

 Citando, entre otros, a H.A. Sánchez Martínez, La reconsideración de resoluciones u órdenes interlocutorias y de sentencias finales, 15 (Núm. 2) Rev. Jur. U.I.P.R. 367 (1981).

 Vega v. Alicea, 145 D.P.R. 236, 241-242 (1998).

 íd.

 Ramos y otros v. Colón y otros, 153 D.P.R. 534 (2001); U.S. Fire Ins. v. A.E.E., 151 D.P.R. 962 (2000).

 Véanse: Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Ramos y otros v. Colón y otros, supra.

 Véase Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 658 esc. 2 (1997). Sin embargo, en Pueblo v. Hernández Santana, 138 D.P.R. 577, 586 (1995), expresamos que “[n]o estamos resolviendo que no tiene derecho a plantearlo en apelación. Lo que estamos resolviendo es que no estamos en disposición de, automáticamente y sin más, avalar dicha ‘estrategia forense’; una que resulta sumamente perjudicial a una eficiente y sana administración de la justicia en nuestra jurisdicción”. Véase, además, H.A. Sánchez Martínez, Práctica jurídica de Puerto Rico: derecho procesal apelativo, Hato Rey, Lexis Nexis, 2001, See. 1803, págs. 394-395.

 Bco. Popular de P.R. v. Mun. de Aguadilla, supra.

 El escrito en cuestión es en realidad una resolución interlocutoria, porque no cumple con los requisitos de la Regla 43.5 de Procedimiento Civil, supra. Es decir, ésta no contaba con la conclusión expresa de que no existía causa para posponer dictar sentencia sobre la reclamación hasta la resolución total del pleito.

 Véanse: Regla 43.5 de Procedimiento Civil, supra; Ramos y otros v. Colón y otros, supra.

 Véase Regla 53.1(g) de Procedimiento Civil, 32 L.P.R.A. Ap. III; Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1 (2000).

 Morán v. Martí, 165 D.P.R. 356 (2005); Souffront v. A.A.A., 164 D.P.R. 663 (2005); Ponce Fed. Bank v. Chubb Life Ins. Co, 155 D.P.R. 309 (2001).

 Véase Regla 53.1(g) de Procedimiento Civil, supra.

 Arriaga y. F.S.E., 145 D.P.R. 122 (1998); Loperena Irizarry v. E.L.A., 106 D.P.R. 357 (1977).

Véanse: Lugo v. Suárez, 165 D.P.R. 729 (2005); Rojas v. Axtmayer Ent., Inc., 150 D.P.R. 560, 564 (2000); Loperena Irizarry v. E.L.A., supra. El Tribunal de Apelaciones tiene discreción para prorrogar el referido término cuando se justifique detalladamente la existencia de una causa justa para la tardanza o incumplimiento.