Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| RAFAEL Y. SANABRIA LÓPEZ<br><br>Recurrido<br><br>V.<br><br>RUTH E. GÓMEZ AGOSTO<br><br>Peticionaria | KLCE202401257 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.:<br>E DI2005-0218<br><br>Sala: 503<br><br>Sobre:<br>Divorcio por Consentimiento Mutuo |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Comparece ante nos, Anahys Sanabria Gómez (en adelante, "la peticionaria"), solicitando nuestra intervención para que dejemos sin efecto la "*Resolución*" emitida el 24 de abril de 2024 y notificada el 2 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante la referida *"Resolución*," dicho tribunal declaró *Ha Lugar* la "*Moción Solicitando Relevo de Pensión Alimentaria por Mayoría de Edad y Revisión de la Misma*," presentada por Rafael Y. Sanabria López (en lo sucesivo, "el recurrido"), bajo el fundamento de que la peticionaria había advenido a la mayoría de edad y no había expresado objeción en cuanto a la aludida petición del recurrido. En consecuencia, ordenó a la Administración para el Sustento de Menores (ASUME) que llevara a cabo el proceso de cierre del caso.

Por los fundamentos que expondremos a continuación, *expedimos* el presente auto de *certiorari* y con ello *revocamos* la "*Resolución*" recurrida.

**I.**

La controversia que hoy nos ocupa tiene su génesis en la "*Moción Solicitando Relevo de Pensión Alimentaria por Mayoría de Edad y Revisión de la Misma,*" presentada el 21 de diciembre de 2023, por el recurrido. La referida moción se presentó dentro de un preexistente pleito de divorcio, en el cual se había adjudicado la disolución matrimonial del recurrido y la señora Ruth E. Gómez Agosto (en adelante, "la señora Gómez"). Mediante la aludida moción, el recurrido enmarcó sus planteamientos en torno a la pensión alimentaria que le había sido concedida a su hija (la peticionaria). Sobre el particular, informó que, en una previa vista sobre fijación de pensión alimentaria, se le ordenó desembolsar a la peticionaria, entonces menor de edad, la cantidad de $1,087.60 mensuales en concepto de alimentos. Sostuvo, que cumplió con lo ordenado.

No obstante, alegó que el 14 de diciembre de 2023, la peticionaria advino a la mayoría de edad. Ante ello, argumentó que procedía el relevo del pago de pensión alimentaria por no aplicarle a la peticionaria las disposiciones atinentes a la Ley Orgánica de la Administración Para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 501 et seq. A su vez, esgrimió que de la peticionaria demostrar que tenía necesidad alimentaria, entonces procedía la revisión de la cuantía a satisfacer en concepto de alimentos.

En respuesta, el 10 de enero de 2024, la peticionaria, por derecho propio, presentó "*Moción.*" Mediante esta, admitió que había advenido a la mayoría de edad. Además, solicitó que se fijara una pensión alimentaria a su favor, dado que se encontraba cursando estudios universitarios. A su vez, peticionó que se le concediera un término para contratar representación legal; se señalara vista de alimentos; y se mantuviera de manera provisional el pago de la pensión actual.

Así las cosas, el 15 de febrero de 2024, el foro recurrido notificó "*Orden Sobre Alimentos Entre Parientes,*" la cual había sido emitida el 9

de enero de 2024. Mediante esta, le concedió al recurrido un término de veinte (20) días para que expusiera su posición con relación a la "*Moción*," presentada por la peticionaria; y les requirió a las partes que presentaran la Planilla de Contribución sobre Ingresos y la Planilla de Información Personal y Económica (PIPE), para lo cual concedió un igual término de veinte (20) días. A su vez, le ordenó a la peticionaria que dentro del referido término de veinte (20) días, presentara documentación que sustentara su "*Moción.*" Finalmente, ordenó a las partes que informaran sus respectivas representaciones legales.

En la misma fecha de 9 de enero de 2024, el foro recurrido emitió "*Orden*" a los efectos de requerirles a las partes que comparecieran al Centro de Mediación de Conflictos. Así pues, el 1 de marzo de 2024, el Centro de Mediación de Conflictos presentó "*Moción Informativa*" ante el foro recurrido. A través de esta, notificó que las partes asistieron al proceso de mediación, pero no lograron acuerdo alguno respecto a su caso.

Posteriormente, el 20 de marzo de 2024, el recurrido presentó "*Moción para que se Desestime la Solicitud de Alimentos por Incumplimiento de Orden Judicial y por Incumplimiento con el Descubrimiento de Prueba Solicitado y Aviso del Cese del Pago de la Pensión Alimentaria [sic] Fijada como Menor.*" En síntesis, aseveró que al amparo de la Regla 39.2 (a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, procedía la desestimación de la solicitud de alimentos de la peticionaria. Fundamentó su petición bajo el argumento de que el término de veinte (20) días concedido a la peticionaria para que cumpliera con la entrega de la documentación requerida, venció el 6 de marzo de 2024, sin que la peticionaria cumpliera con lo ordenado. De igual modo, arguyó que el 28 de febrero de 2024 le envió a la peticionaria un "*Aviso de producción de Documentos*" para ser entregado el 14 de marzo de 2024, y la peticionaria también incumplió con tal requerimiento. En vista de ello, solicitó que se le ordenara a la peticionaria que cumpliera

inmediatamente con la documentación solicitada y, de no hacerlo, se desestimara su reclamación.

El 25 de marzo de 2024, la peticionaria presentó "*Urgente Moción Asumiendo Representación Lega*l." Mediante esta, informó al foro recurrido que contrató un abogado para que llevara a cabo la representación legal de su reclamo. Así pues, peticionó que se autorizara dicha representación legal. Además, solicitó que toda orden relacionada a ella fuera enviada a su abogado para el cumplimiento correspondiente.

Al día siguiente, el 26 de marzo de 2024, el foro recurrido emitió una "*Orden.*" Entre otras cosas, el referido foro le concedió a la peticionaria un término perentorio de diez (10) días para que cumpliera con la "*Orden Sobre Alimentos Entre Parientes.*" Le advirtió, además que de incumplir con lo ordenado se entendería que no tiene objeción respecto a la "*Moción Solicitando Relevo de Pensión Alimentaria por Mayoría de Edad y Revisión de la Misma*," presentada por el recurrido.

El 5 de abril de 2024, el foro recurrido notificó una "*Orden.*" En esta ocasión a los fines de declarar *Ha Lugar* la "*Urgente Moción Asumiendo Representación Lega*l," presentada por la peticionaria.

Posteriormente, el 18 de abril de 2024, el recurrido presentó "*Moción Solicitando la Desestimación de la Demanda de Alimentos Presentada por la Joven Adulta por Incumplimiento a las Ordenes del Tribunal y al Descubrimiento de Prueba.*" En síntesis, adujo que la peticionaria no había cumplido con la "*Orden*" emitida el 26 de marzo de 2024, por el foro recurrido. Añadió, que la referida parte también incumplió con el "*Aviso de producción de Documentos,*" que le había requerido. A la luz de ello, peticionó que se desestimara la solicitud de alimentos de la peticionaria.

Ante ello, el 2 de mayo de 2024, el foro recurrido notificó la "*Resolución*" que hoy nos ocupa. Mediante esta, declaró *Ha Lugar* la "*Moción Solicitando Relevo de Pensión Alimentaria por Mayoría de Edad y Revisión de la Misma*," presentada por el recurrido. En consecuencia,

ordenó a la Administración para el Sustento de Menores (ASUME) que llevara a cabo el proceso de cierre del caso. Oportunamente el 10 de mayo de 2024, la peticionaria presentó "*Moción en Solicitud de Reconsideración*." Mediante esta, expresó que al momento de emitirse las órdenes a las que hace alusión el recurrido, la peticionaria no tenía representación legal y desconocía los procesos para cumplir con lo ordenado. Agregó, que luego de que informó su representación legal no se le envió requerimiento de información alguno. De otra parte, solicitó un término de diez (10) días para someter cualquier documentación adicional a la anejada a la presente moción. Finalmente, peticionó que se reconsidera la determinación sobre relevo de pensión alimentaria, dado que de no reconsiderarse la referida *"Resolución"* se afectaría la continuación de sus estudios universitarios.

Así pues, el 6 de junio de 2024, el foro recurrido notificó una "*Orden*" en la que, en lo pertinente, le concedió a la señora Gómez y al recurrido un término de diez (10) días para expresar su posición en cuanto a la "*Moción en Solicitud de Reconsideración*," presentada por la peticionaria. Además, les advirtió que, de incumplir con lo ordenado, se entendería que no tienen objeción respecto a la aludida moción.

En atención de ello, el 14 de junio de 2024, la señora Gómez presentó "*Moción en Cumplimiento de Orden del 20 de mayo de 2024*." En esencia, aseveró que se debía declarar *Ha Lugar* la "*Moción en Solicitud de Reconsideración*." De igual modo, el 19 de julio de 2024, el recurrido presentó "*Oposición a Moción de Reconsideración*." En síntesis, sostuvo que hasta el momento la peticionaria no había contestado el "*Aviso de producción de Documentos*." A su vez, reiteró sus previos planteamientos respecto al incumplimiento de la peticionaria con lo ordenado por el foro recurrido. En vista de ello, solicitó al referido foro que declarara *No Ha Lugar* la "*Moción en Solicitud de Reconsideración*."

Evaluados los escritos presentados, no es hasta el 18 de octubre de 2024 que el foro recurrido notificó su "*Resolución*." Mediante esta,

declaró *No Ha Lugar* la "*Moción en Solicitud de Reconsideración*," presentada por la peticionaria por no cumplir con la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47. Además, el referido foro esbozó lo siguiente:

> Como ya indicáramos, nuestra decisión estuvo basada en el incumplimiento de Anahys Sanabria Gómez con las ordenes emitidas el 9 de enero de 2024 y el 26 de marzo de 2024, en la que el tribunal advirtió que el incumplimiento de lo ordenado en el término perentorio de 10 días conllevaría que el tribunal entendiera que no tiene objeción a la solicitud de relevo de la obligación alimentaria presentada por la parte demandante. Ninguno de los planteamientos esbozados en su solicitud de reconsideración están dirigidos a haber incurrido en un error en las determinaciones de hechos ni en la aplicación del derecho.

En desacuerdo, el 18 de noviembre de 2024, la peticionaria presentó un recurso de *certiorari* ante nuestra consideración. Mediante este, expuso el siguiente señalamiento de error:

> Erró el foro de instancia al desestimar un caso de alto interés público a pesar de no existir una situación extrema que así lo ameritara; nunca haberse sancionado a las partes y; a pesar del co peticionario el señor Sanabria López, también haber incumplido con las ordenes del tribunal.

El 18 de diciembre de 2024, el recurrido presentó "*Oposición a la Expedición del Auto*." Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco doctrinal aplicable al presente caso.

**II.**

**A.    Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.*

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani*

*Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd*.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd*.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.     Moción de Reconsideración al amparo de la Regla 47 de Procedimiento Civil**:

En nuestro ordenamiento jurídico la moción de reconsideración tiene su origen textual a partir del año 1904 mediante las disposiciones del Art. 140 del Código de Enjuiciamiento Civil, 32 LPRS ant. sec. 725. Véase además, *Lagares v. E.L.A.*, 144 DPR 601, 608-609 (1997). Siendo así, una parte podía solicitar que se reconsiderara una sentencia u orden que hubiera sido emitida por equivocación, inadvertencia, sorpresa o negligencia excusable. *Íd*. En síntesis, el rol principal del nacimiento de la solicitud de reconsideración fue el conceder "una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiese incurrido al dictarla." *Íd*.

En sus inicios, la moción de reconsideración dio paso a análisis jurídicos en relación con su uso, efecto e implicación en la jurisdicción de los tribunales. La razón de ello estribaba en que no existían términos inequívocos para solicitar la reconsideración de sentencias y resoluciones, y su existencia se podía prestar para prácticas dilatorias de

los litigantes. Véase, *Dávila v. Collazo*, 50 DPR 494 (1936). Posteriormente, para evitar las aludidas prácticas dilatorias, en el año 1937 se enmendó el Código de Enjuiciamiento Civil a los efectos de establecer que el tribunal de instancia debía resolver las reconsideraciones presentadas ante sí en un término de cinco (5) días. *Lagares v. E.L.A.*, supra, pág. 609-610; *El Mundo, Inc. v. Tribunal Superior*, 92 DPR 791, 796-797 (1965). De igual modo, se dispuso que el referido foro podía rechazar una reconsideración de plano y con ello se consideraba que el término para recurrir nunca fue interrumpido. *Íd.*

Para la vigencia de las Reglas de Procedimiento Civil de 1979, la moción de reconsideración conservó el texto de que el tribunal de instancia tenía un término específico para actuar sobre ella. El referido término se amplió a diez (10) días, y durante dichos días el tribunal podía decidir si tomaba alguna determinación en consideración de la aludida moción. 32 LPRA Ap. III R. 47.1 De considerarla, el término para presentar un recurso ante el foro intermedio comenzaba a transcurrir desde la fecha en que se archivaba en los autos una copia de la notificación de la determinación del tribunal de instancia resolviendo definitivamente la moción. *Íd.* "Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano." *Íd.*

Sin embargo, las enmiendas a la solicitud de reconsideración no disiparon las controversias sobre las disposiciones que regulaban su texto. Particularmente, emergieron disputas sobre "cuando debía entenderse interrumpido el término para recurrir, apelar o acudir en revisión una vez se presentaba una oportuna moción de reconsideración." *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 8 (2014), citando a el Informe de Reglas de Procedimiento Civil, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de la Judicial y Notarial, 2008, pág. 551. Ante ello, se propusieron enmiendas a los fines de lograr

que una solicitud de reconsideración interrumpa "sin más y en todos los casos el decurso del término para recurrir, hasta tanto se haya adjudicado la misma en la forma que sea." R. Hernández Colón, Derecho Procesal Civil, 6ta ed., San Juan, LexisNexis de Puerto Rico, 2017, pág. 443. Así pues, tras una revisión de las disposiciones de la solicitud de reconsideración, se enmendó su texto y se incorporó en la Regla 47 de las Reglas de Procedimiento Civil del año 2009. La referida regla lee como sigue:

> La parte adversamente afectada por una **orden o resolución** del Tribunal de Primera Instancia podrá presentar, dentro del **término de cumplimiento estricto de quince (15) días** desde la fecha de la notificación de la orden o resolución, una moción de **reconsideración** de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.
>
> **La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.**
>
> **La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir**.
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.
>
> 32 LPRA Ap. V, R. 47. (Énfasis suplido).

Tal como se desprende del precitado texto, la solicitud de reconsideración tuvo los siguientes tres (3) grandes cambios: 1) se eliminó el texto alusivo a la concepción de un término para que los jueces del tribunal de instancian tomaran alguna consideración respecto a la solicitud de reconsideración; 2) se incorporaron requisitos de contenido para que una moción de reconsideración sea considerada adecuada, en

ausencia de ello lo procedente es que se declare "sin lugar"; y 3) se estableció que una moción de reconsideración logrará interrumpir el término para acudir en alzada solo si es oportuna en tiempo y cumple con las referidas especificidades de contenido. Los esbozados cambios fueron motivados con el fin de brindar certeza sobre el momento en que el término para recurrir en alzada ha quedado interrumpido, y para evitar la existencia de mociones frívolas e inmeritorias que solo persiguen la interrupción del término para recurrir y con ello dilatan la ejecución de los dictámenes judiciales. Véase, *Morales y otros v. The Sheraton Corp.*, supra, pág. 9; R. Hernández Colón, Derecho Procesal Civil, 6ta ed., *supra.*

De otra parte, nótese que el término para presentar una moción al amparo de la Regal 47, *supra* y el término para recurrir ante el foro apelativo a tenor de la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, inician y transcurren simultáneamente al momento de notificarse un dictamen del tribunal de instancia. Véase, *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 752 (2023). Siendo así, una solicitud de reconsideración "interpuesta oportunamente y sometida antes de que se haya presentado algún recurso ante el tribunal apelativo intermedio, suspenderá los términos para recurrir en alzada y cualquier recurso apelativo que se presente previo a su resolución debe ser desestimado por prematuro." *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 1004 (2015). Así pues, los términos para recurrir ante el foro intermedio comenzaran nuevamente a transcurrir desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. Regla 47, *supra*; *Div. Empleados Públicos UGT v. CEMPR*, supra, pág. 752.

Sin embargo, tal como fue expuesto la presentación oportuna de una moción de reconsideración no es por sí solo un factor que logre interrumpir el término para acudir en alzada. Es decir, "el efecto interruptor no opera de manera aislada," para cumplir a cabalidad con las

disposiciones de la Regla 47, *supra* también el tribunal deberá pasar juicio sobre si la parte dio cumplimiento a las exigencias de contenido, forma y notificación de la referida regla. Véase, *Div. Empleados Públicos UGT v. CEMPR*, supra. Ante ello, uno de los cuidadosos análisis que las vigentes regulaciones sobre la solicitud de reconsideración invitan a emplear, se suscita en la evaluación de los conceptos de "particularidad" y "especificidad" como garantes de la interrupción del término para acudir en alzada.

Entiéndase, bajo ese escenario la pregunta meritoria sería: ¿la moción de reconsideración cumple con los requisitos de contenido necesarios para interrumpir el término para acudir ante el foro intermedio? Sobre el particular, nuestro más Alto Foro ha expresado que "salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la regla." *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 338 (2018), citando a J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1366. En vista de ello, "[n]o existen razones de orden público para imponerle un rigor desmedido a los requisitos de forma de la misma que puedan afectar el derecho de apelación." J.A. Cuevas Segarra, Tratado de derecho procesal civil, *supra.* A la luz de lo anterior, Cuevas Segarra esboza lo siguiente:

> [Las mociones de reconsideración] deberán examinarse caso a caso a la luz de las particulares controversias de hechos pertinentes y materiales que se presenten, de manera flexible, pues de otras manera se crearía una nueva e indeseable fue de controversias estériles sobre los requisitos de forma de la moción que desvirtuarían el propósito de eliminar los problemas que suscitaba la anterior regla sobre la determinación de cuando quedan interrumpidos los plazos o cuando la misma había sido acogida con efecto interruptor; o si fue o no considerada.

**C. Desestimación al amparo de la Regla 39.2 de Procedimiento Civil:**

Nuestro ordenamiento jurídico favorece que los casos se ventilen en sus méritos. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221 (2001); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124

(1992). Ahora bien, una parte no tiene derecho a prolongar la vida de su caso "sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales". *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 816 (1986). En tales escenarios, los tribunales ostentan la facultad "para imponer una serie de sanciones contra aquella parte que incumpla una orden del tribunal". *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 212 DPR 807, 818 (2023).

En contextos ocasionados por falta de diligencia los tribunales "tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente". (Énfasis nuestro). *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). A esos fines, la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2(a) preceptúa la siguiente normativa:

> (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. (Énfasis nuestro).

Este mecanismo procesal procura que una parte responda con prontitud con el fin de alcanzar la solución justa, rápida y económica de los casos y que las controversias se puedan atender en los méritos. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, supra, pág. 818. Véase, también, *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998). No obstante, la precitada regla fija un proceso de notificaciones y

apercibimientos previo a la desestimación del caso. Una vez se plantea ante el tribunal una situación que amerite la imposición de sanciones, este debe amonestar primeramente al abogado de la parte. *Mejías v. Carrasquillo*, 185 DPR 288, 297 (2012). Si la acción disciplinaria no produce efectos positivos, entonces procede la desestimación de la demanda o la eliminación de las alegaciones, siempre y cuando la parte haya sido debidamente informada y apercibida de las consecuencias que acarrea el incumplimiento. *Mejías v. Carrasquillo*, supra; Mun. de *Arecibo v. Almac. Yakima*, *supra*, págs. 222-223. Un tribunal no podrá imponer sanciones drásticas cuando "la parte que ejercita su derecho en corte no está informada de los trámites rutinarios"*. Dávila v. Hosp. San Miguel, Inc.*, *supra*, pág. 814; *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962).

Es menester destacar que, **la desestimación de una reclamación ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte".** (Énfasis nuestro). *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 264 (2021) (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 250.). La norma jurisprudencial "reconoce que sanciones como la desestimación de un pleito o la eliminación de las alegaciones son medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos". *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 D.P.R. 689 (2020).  Por tanto, "la privación a un litigante de su día en corte es una medida procedente solo en casos extremos*". Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13; *Rosario v. Nationwide Mut.*, 158 DPR 775, 780 (2003).

Al evaluar si procede imponer la sanción severa de la desestimación, los tribunales deben emplear un balance entre los intereses en pugna que incluyen, por un lado, la mencionada política judicial de atender los casos en sus méritos y, por el otro, procurar la rápida dilucidación de las controversias. *VS PR, LLC v. Drift-Wind, Inc.*,

supra, pág. 264. Por tanto, la vía desestimatoria debe ser el último recurso, después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia, y en todo caso, no deber imponerse sin un previo apercibimiento. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, págs. 700-701; *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962).

**III.**

En esencia, la peticionaria argumenta que incidió el foro recurrido al desestimar su reclamación sin antes llevar a cabo la imposición de sanciones. A tenor de ello, sostiene que la "*Moción en Cumplimiento de Orden del 20 de mayo de 2024* "y la "*Moción en Solicitud de Reconsideración"* son escritos que cuestionan la decisión recurrida y fundamentan su postura de que el caso se ventile en sus méritos.

Por su parte, el recurrido asevera que el foro primario le concedió varias oportunidades a la peticionaria antes de ordenar el cierre de su reclamación. En vista de ello, aduce que el referido foro no abusó de su discreción y sus actuaciones están amparadas dentro de las facultades que le asisten a los tribunales de instancia en el manejo de los casos ante sí.

Tras evaluar los argumentos de las partes, así como la totalidad del expediente ante nuestra consideración, concluimos *expedir* el presente auto de *certiorari* a tenor de lo dispuesto en la Regla 40, *supra*, y con ello *revocamos* la determinación recurrida.

> Nuestro pueblo reclama acceso a la justicia que no se logra meramente con presentar una demanda sino mediante la adjudicación justiciera de la reclamación. Para alcanzar ese objetivo la R.1 2009 establece que el cuerpo de Reglas de 2009 se interpretará de modo que facilite el acceso a los Tribunales y el manejo del proceso de forma que garantice una solución justa, rápida y económica. R. Hernández Colón, Derecho Procesal Civil, 6ta ed., San Juan, LexisNexis de Puerto Rico, 2017, pág. 10.

De manera que la interpretación de las disposiciones de nuestro ordenamiento procesal civil no se debe efectuar de una forma aislada o automatizada, sino que debe estar dirigida al cumplimiento de los preceptos que dan apertura a la existencia de las Reglas de

Procedimiento Civil de 2009. Entiéndase, el acceso a los tribunales y la garantía de una solución justa, rápida y económica. A tenor de ello, las disposiciones atinentes a la solicitud de reconsideración no deben interpretarse de una manera irrestricta o inflexible que reviva las controversias pasadas sobre la incertidumbre del momento en que debía entenderse interrumpido el término para acudir en alzada. Máxime, cuando la vigente Regla 47, *supra*, eliminó el término concedido a los tribunales para considerar una moción de reconsideración, para de esta manera evitar confusiones y controversias de naturaleza jurisdiccional.

Así pues, el texto actual de la Regla 47, *supra* es claro en cuanto a que una solicitud de reconsideración oportuna interrumpe los términos para acudir en alzada. En vista de lo anterior, no sería una interpretación compatible que una solicitud de reconsideración que se presente dentro de los quince (15) días concedidos para ello, posea a su vez requisitos de contenido que obstaculicen el acceso a la justicia y se presten para revivir las aludidas controversias jurisdiccionales. A la luz de lo anterior y de conformidad con lo planteado por Cuevas Segarra, no hay que imponer desmedidos requisitos de forma a la solicitud de reconsideración y su examen debe realizarse caso a caso. Asimismo, nuestro mas Alto Foro ha expresado que solamente las mociones escuetas y sin fundamento alguno son las que no pasarán el crisol de la Regla 47, *supra*. *Marrero Rodríguez v. Colón Burgos*, supra.

Ante ello, para evaluar la suficiencia de una moción de reconsideración, es meritorio pasar juicio sobre la totalidad de las circunstancias de cada caso. En el caso ante nuestra consideración, la "*Resolución*" recurrida fue notificada el 2 de mayo de 2024. En cumplimiento con el término de quince (15) días, el 10 de mayo de 2024 la peticionaria presentó "*Moción en Solicitud de Reconsideración.*" Por lo cual, la solicitud de la peticionaria fue oportuna en término. Nótese, que la referida solicitud no fue declarada de plano "sin lugar" por el foro recurrido, sino que luego de transcurridos veintisiete (27) días, el 6 de

junio de 2024, el referido foro concedió un término de diez (10) días a la señora Gómez y al recurrido a los fines de que expresaran su posición con relación a la solicitud de la peticionaria. De manera, que no fue hasta el 18 de octubre de 2024, que el foro recurrido notificó finalmente la adjudicación de la "*Moción en Solicitud de Reconsideración.*" Al realizar su ejercicio adjudicativo, el foro recurrido, determinó declarar ***No ha Lugar*** la "*Moción en Solicitud de Reconsideración,*" por no cumplir con lo establecido en la Regla 47, *supra* y a su vez pasó juicio sobre los méritos de los planteamientos expuestos por la peticionaria en la solicitud de reconsideración.

Conforme fue expuesto, una moción de reconsideración que no cumple con los criterios de la Regla 47, *supra* no interrumpe el término para acudir en alzada. En ese sentido, una parte podría quedar desprovista de un remedio si su solicitud de reconsideración incumple con las exigencias de la Regla 47, *supra* y transcurre en exceso el término de treinta (30) días para acudir en alzada. Así pues, para evitar que la reclamación de una parte quede expuesta a la muerte procesal ocasionada por la conclusión de un término fatal, el efecto interruptor de la solicitud de reconsideración debe ser evaluado conforme a la aludida totalidad de las circunstancias. A su vez, dicho análisis debe estar enmarcado en la precitada normativa de acceso a los tribunales y de evitar el rigor desmedido en la interpretación de los requisitos de especificidad y particularidad del contenido de una moción de reconsideración. Asimismo, el examen que se realice sobre la suficiencia de una moción de reconsideración debe mantener la esencia de que lo que en realidad nuestro ordenamiento jurídico busca evitar: entiéndase la presentación de mociones frívolas e inmeritorias que únicamente persigan la interrupción del término para recurrir y con ello dilatar la ejecución de los dictámenes judiciales. Véase, *Morales y otros v. The Sheraton Corp.*, supra.

Tal como fue expuesto, la "*Moción en Solicitud de Reconsideración*" fue presentada dentro del término concedido para ello. Además, cumplió con los requisitos de notificación exigidos en dicha regla. Asimismo, el foro recurrido acogió y evaluó los méritos de la referida reconsideración. A su vez, requirió a las otras partes que presentaran su posición con relación a dicha moción; notificó la adjudicación de la "*Moción en Solicitud de Reconsideración*" luego de transcurridos cinco (5) meses de estar ser presentada; no declaró "sin lugar" la aludida solicitud; y la peticionaria por medio de sus planteamientos razonablemente cuestionó la determinación que hoy nos ocupa. Ante las aludidas circunstancias, dicha moción interrumpió el término para acudir en alzada. En consecuencia, el recurso de *certiorari* ante nos fue presentado de forma oportuna.

Superado el referido análisis y de conformidad con la facultad discrecional que nos asiste en este tipo de recursos, determinamos *expedir* el presente auto de *certiorari.* No hacerlo conllevaría un fracaso de la justicia.

Es sabido, que la desestimación de una reclamación es la sanción máxima, dado que solo procede ante casos extremos y luego de la existencia de previas advertencias y sanciones. Surge de los hechos ante nos, que el foro recurrido notificó en fecha de 15 de febrero de 2024 la "*Orden Sobre Alimentos entre Parientes*" y emitió "*Orden*" el 26 de marzo de 2024, a los efectos de que la peticionaria fundamentara su solicitud de alimentos. Posterior a ello, el 5 de abril de 2024, el foro recurrido aceptó la representación legal de la peticionaria y el 2 de mayo de 2024 notificó la "*Resolución*" que ordena el cierre del presente caso. Ante tales hechos, no se desprende del expediente ante nos que el foro recurrido haya apercibido al representante legal de la peticionaria sobre el incumplimiento de ésta. De igual modo, no surge del referido expediente que se le haya concedido al abogado una oportunidad para responder con relación a la situación de incumplimiento. Tampoco, previo al cierre

del presente caso, se sancionó al referido abogado por el incumplimiento de las órdenes que precedieron a la autorización de su representación legal. Ante ello, bajo las presentes circunstancias no procedía imponer la severa sanción de la desestimación. Los intereses involucrados merecen que se preserve el derecho de la peticionaria a tener su día en corte. En vista de lo anterior, revocamos la "*Resolución*" recurrida.

**IV.**

Por los fundamentos expuestos, y a tenor de lo dispuesto en la Regla 40, *supra, expedimos* el presente auto de *certiorari* y con ello revocamos la determinación recurrida. En consecuencia, devolvemos el presente caso para la continuación de los procedimientos conforme con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones