ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>**Parte peticionaria**<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, REPRESENTADO POR HON. DOMINGO EMANUELLI HERNÁNDEZ, SECRETARIO DE JUSTICIA<br><br>**Parte recurrida** | **TA2025CE00778** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil núm.: **CA2024CV03765** Sala 401<br><br>Sobre:<br><br>**Impugnación de Confiscación** |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de noviembre de 2025.

Comparece ante nos el Popular Auto, LLC del Banco Popular de Puerto Rico, en adelante, Popular Auto o peticionaria, solicitando que revisemos la *"Resolución"* notificada por el Tribunal de Primera Instancia, Sala Superior de Carolina, en adelante, TPI-Carolina, el 17 de octubre de 2025. En la misma, el Foro Recurrido declaró *"Con Lugar"* una solicitud de reconsideración.

Por los fundamentos que expondremos a continuación, *denegamos expedir el recurso solicitado.*

**I.**

El 5 de julio de 2022, Jennifer Rivera Cruz compró un vehículo de motor, marca BMW del año 2022 por la cantidad de $71,940.00, el cual financió con Popular Auto.[1] Surge del expediente que el 8 de agosto de 2024, el vehículo de motor

---
[1] SUMAC, Entrada 1, Anejo 2.

mencionado fue utilizado para fines ilegales, por lo que fue confiscado para fines investigativos.[2]

Por estar el vehículo en cuestión registrado a nombre de Popular Auto, la Junta de Confiscaciones del recurrido, Departamento de Justicia de Puerto Rico, notificó a esta mediante una carta, recibida el 6 de octubre de 2024, sobre la incautación.[3] En respuesta, el 1 de noviembre de 2024, la recurrente presentó una *"Demanda"* ante el TPI-Carolina para impugnar la confiscación.[4] El 9 de diciembre de 2024, la parte recurrida presentó su *"Contestación a Demanda"*.[5]

Unos meses más tarde, siendo el 22 de abril de 2025, Popular Auto presentó una *"Solicitud de Sentencia Sumaria"* ante el Foro Primario.[6] El 11 de agosto de 2025, el TPI-Carolina dio por sometida la petición para que se dicte sentencia sumariamente, sin oposición.[7] Así, el 21 de agosto de 2025, el Foro Recurrido notificó una *"Sentencia"*, en la que declaró *"Ha Lugar"* la solicitud de sentencia sumaria de Popular Auto, y declaró nula la confiscación del vehículo de motor marca BMW del año 2022.[8]

Por su parte, la parte recurrida presentó una *"Moción de Reconsideración"* el 6 de septiembre de 2025, a las 12:05 a.m.[9] El 29 de septiembre de 2025, Popular Auto presentó su oposición a la misma.[10] Finalmente, el 17 de octubre de 2025, el TPI-Carolina emitió una *"Resolución"*, en la que se limitó a decir que, luego de evaluar ambas posiciones, declaraba *"CON LUGAR"* la moción de reconsideración presentada por la parte demandada", y "deja[ba] sin efecto la sentencia emitida el 20 de agosto de 2025".

---

[2] SUMAC, Entrada 1, Anejo 1
[3] SUMAC, Entrada 1, Anejo 1.
[4] SUMAC, Entrada 1.
[5] SUMAC, Entrada 10.
[6] SUMAC, Entrada 16.
[7] SUMAC, Entrada 29.
[8] SUMAC, Entrada 30.
[9] SUMAC, Entrada 31.
[10] SUMAC, Entrada 33.

Inconforme, el 17 de noviembre de 2025, la parte recurrente compareció ante nos mediante una *"Petición de Certiorari"*, en el que hizo el siguiente señalamiento de error:

> **ERRÓ EL TPI AL DECLARAR CON LUGAR LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA FUERA DEL TÉRMINO JURISDICCIONAL QUE PROVEE LA REGLA 47 DE PROCEDIMIENTO CIVIL Y AL DEJAR SIN EFECTO LA SENTENCIA POR NO TENER JURISDICCIÓN PARA ATENDER LA MOCIÓN DE RECONSIDERACIÓN DEL ESTADO.**

Al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos de la comparecencia del recurrido, y procedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por

excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

(Énfasis suplido).

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. De Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372

(2020).

La precitada Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

>    (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
>    (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
>    (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
>    (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
>    (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
>    (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
>    (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Reglamento del Tribunal de Apelaciones, supra, pág. 59. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Facultad de Reconsiderar un Dictamen

Los derechos y las obligaciones que fueron objeto de una adjudicación judicial mediante un dictamen que advino final y firme, constituyen la Ley del caso. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200 (2020); *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 8 (2016); *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599, 606 (2000); *USI Properties Inc. v. Registrador*, 124 DPR 448, 468(1989).

Sin embargo, hace décadas nuestro Tribunal Supremo nos advirtió no confundir esta doctrina con la conocida *res judicata* del derecho consuetudinario – es decir, cosa juzgada. *Torres Cruz v. Municipio de San Juan*, 103 DPR 217, 221 (1975). Así, cuando el Foro Primario justiprecia que la "ley del caso es errónea y puede causar una gran injusticia, puede emplearse una norma de derecho diferente". *Mgmt. Adm. Servs. Corp. v. ELA*, supra, pág. 607. Véase, además, *Secretario del Trabajo v. Tribunal Superior*, 95 DPR 136, 140 (1967). *Rivera Robles v. Insurance Co. of Puerto Rico*, 103 DPR 91 (1974).

Así, la doctrina solo puede invocarse cuando exista una decisión final de la controversia en los méritos. *Mgmt. Adm. Servs. Corp. v. ELA,* supra, pág. 607. Únicamente en situaciones excepcionales, si el caso vuelve ante la consideración del tribunal y este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, el foro puede aplicar una norma distinta de derecho. *Berkan et al v. Mead Johnson Nutrition,* supra, pág. 201; *Cacho Pérez v. Hatton Gotay y otros,* supra, pág. 9; *Félix v. Las Haciendas,* 165 DPR 832, 844 (2005); *Mgmt Adm. Servs. Corp. v. E.L.A.,* supra, pág. 608.

Sin embargo, es importante aclarar que la doctrina en cuestión no es irremediablemente rígida. *Mgmt. Adm. Servs. Corp. v. E.L.A.,* supra, pág. 607.  Es decir, la doctrina no constituye un "una regla inviolable, ni un límite al poder de los tribunales". *Núñez Borges v. Pauneto Rivera,* 130 DPR 749, 755 (1992). Véase, además, *Mgmt. Adm. Servs. Corp. v. E.L.A.,* supra, pág. 608. En aras de una justicia flexible, que no sea "férrea ni de aplicación absoluta", así debe ser. *Noriega v. Gobernador,* 130 DPR 919, 931 (1992). Véase, además, *Berkan et al v. Mead Johnson Nutrition,* supra, pág. 202; *In re Fernández Díaz,* 172 DPR 38, 44 (2007); *Mgmt. Adm. Servs. Corp. v. E.L.A.,* supra, pág. 608; Lo cierto es que permitirle al Tribunal que reconsidere, cuando entienda haberse equivocado, propicia la práctica justa del derecho. *Mgmt. Adm. Servs. Corp. v. E.L.A.,* supra, pág. 608.

Así, el Foro Primario ostenta la autoridad de reconsiderar sus dictámenes finales o interlocutorio, ya sea por iniciativa propia o a petición de parte, para reconsiderar una anterior decisión. Sin embargo, nuestra jurisprudencia ha expresado que esta facultad está sujeta a que el Tribunal aun tenga jurisdicción del caso, es decir, que la misma no haya advenido final y firme. *Lagares v. ELA,* 144 DPR 601, 613 (1997); *El Mundo, Inc. v. Tribunal,* 92 DPR 791,

800-802 (1965). Nuestra jurisprudencia ha expandido esta facultad para permitirla, incluso, aun después de haberse rechazado inicialmente una solicitud de reconsideración de parte. *Lagares v. ELA*, supra, pág. 613; *Dumont v. Inmobiliaria Estado, Inc*, 113 DPR 406, 413 (1982). Incluso, en el precitado caso de *Lagares v. ELA*, supra, pág. 613, nuestro Alto Foro determinó que el Foro Primario podía reexaminar un dictamen, cuya reconsideración fue solicitada tardíamente, "siempre que tenga jurisdicción sobre el caso".

**III.**

La recurrente nos solicita que revisemos la *"Resolución"* del TPI-Carolina del 17 de octubre de 2025, mediante el cual declaró *"Con Lugar"* la solicitud de reconsideración de la recurrida. Aduce que el Foro Recurrido no tenía facultad para reconsiderar su *"Sentencia"*, puesto que la solicitud del Estado Libre Asociado para ello fue radicada tardíamente. Sin embargo, luego de evaluar el recurso, y el derecho aplicable al ejercicio de la reconsideración, justipreciamos que no existe razón en derecho que amerite nuestra intervención.

Si bien es cierto que la solicitud de reconsideración ante el Foro Primario fue presentada cinco (5) minutos fuera del término para ello, al momento de emitir su *"Resolución"*, el TPI-Carolina aún tenía jurisdicción del caso. Por ser un pleito en el cual el Estado Libre Asociado es una parte, el Foro Recurrido conservó jurisdicción durante los sesenta (60) días posteriores al 21 de agosto de 2025, cuando fue archivada en autos la notificación la *"Sentencia"*.

La *"Resolución"* mediante la cual el TPI-Carolina reconsideró su dictamen fue notificada el 17 de octubre de 2025, es decir, en el día cincuenta y siete (57) luego de notificada la sentencia. Al

momento de reconsiderar, el Foro Recurrido conservaba jurisdicción sobre el caso, y por lo tanto, tenía facultad revisora sobre su propio dictamen.

Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra, y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, ejercemos nuestra discreción y denegamos expedir el *certiorari*. Consideramos que, en ausencia de un fracaso irremediable de la justicia, nuestra intervención en el caso de epígrafe no se justifica.

**IV.**

Por los fundamentos anteriormente expuestos, *denegamos expedir el recurso solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones